Judge Mills
delivered the Opinion of the Court.
The complainant below, now defendant in error, filed his bill, setting up two lost bonds or notes, executed to him by William M’Dowell and Samuel J. M’Dowell, and recovered a decree.
When he filed his bill William M’Dowell was dead, and Samuel was his executor, and in that capacity as well as in his individual character, and as heir and devisee of William M’Dowell, he was made defendant, and the remaining heirs and devisees were made defendants.
Pending the suit, Samuel J. M’Dowell died, and the suit, as to him, abated, and the complainant did not bring eithe. Ms personal or legal representatives before the court.
William S. M’Dowell, another devisee and heir of William M’Dowell, was dead before the suit, and *140 bis legal representatives or devisees were made parties but his personal representatives were not.
The loss Of a bond gives a w’hirisdi^1' tionTo enforce the payment.
in suits against heirs atiaworhi8’ chancery, it is proper that made°defendants: in chancery it is indispensa-hie.
After the death of a surviving ob-rigor m a pending1 ¿ suit in chan-foreethe6"' ment, his personal’ropre-sentatires, heirs and de-yisees should representa-lives of de-ofüíe obh-8 gors should, also, be par-
For these defects in want of parties the decree cannot be sustained.
The complainants bill in equity is a substitute for an action at law, under the act of Assembly which allows heirs and devisees to be sued jointly with executors or administrators, in actions which would theretofore lie against executors and administrators alone; and were it not for the loss of his bond, which gives a court of equity jurisdiction over it, to relieve agaihst the accident j his exclusive remedy would be an action at law.
When the heirs or devisees are sued in such case-either in law or chancery, it is proper that all should be sued, and that the plaintiff should not Select a part only. Whatever may be the case in a,suit at law, it is indubitably proper that in equity all should be made parties, especially as a court of equity acts according to its own principles and generally refuses to act unless all concerned in interest are brought before the court,
Samuel J. M’Dowell’s legal representatives were proper parties, not only because he \tas the surviv-big obligor, but on account of bis having been a devisee and heir of William M’Dowell, and of course his heirs and devisees succeed to his rights as heir and devisee bf William M’Dowell his co-obli-gor, arid they ought to be combined with other c!e~ v^secs5 anc' as his personal estate and slaves, are first bable in law as a co-obligor, and ought to be employed to relieve the realty, his personal representative, jf any he has, ought to be brought before the court; J ° a
For the same reason the personal representative William S. M’Dowell ought to be brought in. His chattels and slaves may be sufficient to relieve the charge descended upon him, by the act of his father, and his personal representative would be right thus to employ it. By the wili of William M’Dowell, slaves are specifically devised to him. They accordingly, under the act of Assembly, which makes them pass as real estate by devise. *141 went directly to him, free from the control of the personal representative of William M’Dowell, and would of course have to be reached in his hands as devisee, if he were living. On his death, if they were not specifically devised, they would go to his personal representative, and his will is not shewn to inform us whether these slaves went to the personal representative or his devisees, and we cannot presume the latter unless it was shewn.
The personal estate and slaves in the hands of tho personal representatives will be liable before the real estate devised or descended.
Slaves devised, pass as real estate, immediately to the devi-see; if not specifically devised they pass to the personal representatives.
A specific de vise of slaves will not be presumed in the absence of the will.
Mandate,
Mayes, Monroe and Denny, for plaintiffs; Critten-den and Wickliffe, for defendants.
We observe in the will of William M’Dowell, that William S. M’Dowell is directed to pay the debts of the testator, William M’Dowell. But whether this direction must be construed to be a personal charge on William, as a debt of his own, or a charge On the estate devised, or as a condition on which he is to take the estate devised, we have not thought it necessary to inquire; for in either case his chattels and slaves which may go to his personal representative, is a proper fund to be applied as a relief to the real estate taken by him from William M’Dowell.
It may also be remarked that Samuel j. M’Dow-ell was, for a time at least, the executor of William. Whatever of the goods of his testator he had administered and converted into money, mingles itself with his estate on his death, and goes to his personal representative, and must be reached there.
The decree is reversed with costs, and the cause remanded, with directions to dismiss the bill with costs and without prejudice to a future suit, unless the complainant shall, in a reasonable time, to be fixed by the court below, so amend his proceedings as to bring the proper parties before the court.